# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 0 C 5526 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Emanuel Carter vs. Social Security Field Office, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss [12-1] is Granted. Plaintiff is given leave to file an amended complaint as to his claims for Title II benefits only, within 10 days of the date of this order, if he can plead facts showing waiver of sovereign immunity, *i.e.*, a denial of benefits and exhaustion of his administrative remedies. Any claims of intentional torts, due process violations, and emotional distress are dismissed with prejudice and may not be repleaded.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 22 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMANUEL CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 02 C 5526 |
| v. ) | |
| ) | |
| SOCIAL SECURITY FIELD OFFICE, ) | Judge Ronald A. Guzmán |
| JOANN BARNHART, Social Security ) | |
| Commissioner,[1] ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action to recover Social Security benefits is before the Court on Defendants' motion to dismiss the *pro se* complaint of Plaintiff Emanuel Carter, which alleges a number of wrongful acts committed by a Social Security Field Office. For the reasons set forth below, Defendants' motion to dismiss [doc. no. 12-1] is granted.

DOCKETED

MAR 2 2 2004

---

[1] Plaintiff's original complaint was brought against the Social Security Field Office and several individual employees of the office. In his amended complaint, Plaintiff sues the Social Security Field Office and JoAnn Barnhart, the Commissioner of the Social Security Administration.

1

## BACKGROUND

The following facts are alleged in Plaintiff's original and amended complaints,[2] which must be presumed to be true for the purposes of this motion to dismiss. *See Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir. 1998). Plaintiff alleges that personnel in the Social Security Field Office ("Field Office") at 5130 W. North Avenue, Chicago, Illinois, did not care enough to do their jobs and did not use necessary equipment, such as computers, to confirm they were processing his claim properly. (Compl. at 1-2.)[3] Plaintiff further claims that the Field Office tried to make Plaintiff sign up for early retirement, tried to make him fill out a Form SSA632BK against his will, lied to him on a number of occasions, and made it difficult for him to sign up for a senior pension at the Field Office as well as at three other offices. (*Id.* at 3-4; Am. Compl. at 4.) Plaintiff also states that the government lied and falsified a bill in the amount of $70,287.90 in order to induce him to sign papers that would cover up its alleged crimes against him. (*Id.* at 3.)

In addition, Plaintiff alleges that the Field Office stole his Social Security number to make up a phony number and codes in order to "hack" into his name as well as his disability and health insurance. (Am. Compl. at 1-3.) Plaintiff states that the Field Office embezzled money from Social

---

[2] Plaintiff filed his original complaint on August 5, 2002. On June 9, 2003, before Defendants had been served, Plaintiff attempted to file an amended complaint, but it was not filed with the Clerk of Court due to various document deficiencies. The amended complaint, however, was served on Defendants, and it would have been filed as a matter of course pursuant to Fed. R. Civ. P. 15(a), were it not for the clerical deficiencies. The Court therefore considers the amended complaint to be filed. However, in an abundance of caution and to ensure a full analysis of this *pro se* Plaintiff's allegations, the Court will refer to both the original complaint and the amended complaint, which contains essentially the same allegations as the original complaint, with certain details added.

[3] Plaintiff's complaints are written in narrative form and fail to comply with Fed. R. Civ. P. 10(b), which requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs . . . ."

2

Security, forged checks in his name, falsely accused him of crimes, and extorted him by setting up a payment plan to take back money from him. (*Id.* at 3.) Plaintiff also contends that he was put on SSI, which he claims constitutes kidnaping, and that the Field Office held him hostage from his money to cover up its crimes. (*Id.* at 4.) Plaintiff seeks damages in the amount of $150,000 for Social Security benefits as well as for pain and suffering. (Compl. at 5; Am. Compl. at 4.)

## DISCUSSION

Defendants' motion to dismiss argues that the complaint should be dismissed because (1) Plaintiff has failed to establish this Court's jurisdiction or waiver of the United States' sovereign immunity; (2) Plaintiff has failed to exhaust his administrative remedies with the Social Security Administration ("SSA") regarding his benefits; and (3) Plaintiff's tort claims are barred by the Federal Tort Claims Act. Plaintiff did not respond to the motion.

In deciding this motion to dismiss,[4] the Court must presume the truth of all of Plaintiff's well pleaded allegations. *See Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir. 1990). A motion to dismiss under subsection of Federal Rule of Civil Procedure 12(b) may be granted only if it

---

[4] Defendants' motion to dismiss does not specify which Federal Rule of Civil Procedure governs the motion. Because the motion is based on sovereign immunity and failure to exhaust administrative remedies, it will be treated as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986); *see also Barnhardt v. United States*, 884 F. 2d 285, 296 (7th Cir. 1989) (stating that preliminary jurisdictional matters are properly dealt with in a Rule 12(b)(1) motion to dismiss). *But see Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003) (discussing "ongoing uncertainty" as to whether exhaustion and statutory prerequisites to suit are jurisdictional or part of a plaintiff's statutory right to relief). This Court need not definitively resolve the issue because it will not exercise its authority under Rule 12(b)(1) to look beyond the pleadings and make factual findings as to subject matter jurisdiction. *See id.* at 424-25. Therefore, the Court's analysis of the motion to dismiss is appropriate under either Rule 12(b)(1) or Rule 12(b)(6).

appears that Plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Barnhardt v. United States*, 884 F. 2d 285, 296 (7th Cir. 1989). Moreover, courts must construe *pro se* pleadings liberally. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Nevertheless, a complaint must give the defendant fair notice of the nature of the action, and even under liberal pleading standards, a complaint may be dismissed if it fails to include the operative facts upon which the claims are based. *See Kyle v. Morton High Sch.*, 144 F.3d 448, 456-57 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

### *Social Security Act*

Defendants first argue that Plaintiff's complaint should be dismissed because it does not allege waiver of sovereign immunity under the Social Security Act. Specifically, Defendants state that because Plaintiff has not exhausted his administrative remedies, his claim is not ripe for judicial review.

The defendant SSA is a federal agency, so this case must be considered a suit against the United States for the purposes of sovereign immunity. *Biase v. Kaplan*, 852 F. Supp. 268, 277 (D.N.J. 1994). Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Absent a clearly expressed waiver, sovereign immunity is a jurisdictional bar to suit against the United States. *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999). A plaintiff's failure to plead "a federal law that waives the sovereign immunity of the United States to the cause of action . . . mandates the dismissal of the plaintiff's claim." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002).

4

Neither the original nor the amended complaint expressly alleges that the government has waived its sovereign immunity in this case. However, given that this is a *pro se* complaint, the Court will analyze it liberally to determine whether it contains any allegations that may indicate jurisdiction is proper.

In an action to recover Social Security benefits, the issue of waiver of sovereign immunity is governed by statute. Judicial review of SSA determinations may occur only "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also Jimenez v. Weinberger*, 523 F.2d 689, 702 (7th Cir. 1975) ("[Section] 405(g) . . . operates as a waiver of sovereign immunity . . . ."). The Commissioner's "final decision" includes two separate elements: (1) "a nonwaivable requirement that a claim for benefits be presented to the Secretary"; and (2) "a waivable requirement of exhaustion of administrative remedies." *Sulie v. Schweiker*, 730 F.2d 1069, 1070-71 (7th Cir. 1984) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("[Section 405(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'").

A claimant who is frustrated with the initial determination of benefits is offered a three-stage administrative review process: a de novo reconsideration; a hearing before an Administrative Law Judge; and a review by the Appeals Council. *See Sanders*, 430 U.S. at 102; *see also* 20 C.F.R. 404.929-.933 (request for hearing before Administrative Law Judge); *id.* 404.967 (Appeals Council review); *id.* 404.981 (judicial review). Only by continuing through these stages are the claimant's administrative remedies exhausted. *See Bowen v. City of New York*, 476 U.S. 467, 472 (1986).

5

In this case, none of Plaintiff's allegations, or reasonable inferences drawn therefrom, can be read to show that Plaintiff's claim for Social Security benefits is ripe for judicial review. First, Plaintiff's complaints do not clearly allege that Plaintiff has presented a claim for benefits to the Secretary, or that benefits he had been receiving were terminated.[5] *See Sulie*, 730 F.2d at 1071. Second, even giving Plaintiff the benefit of an inference that he has adequately pleaded a termination of benefits, the complaints allege no facts supporting an inference that Plaintiff has exhausted his administrative remedies or that the requirement has been waived. This Court therefore cannot review the disposition of Plaintiff's claim. *See Sanders*, 430 U.S. at 107-08.

Furthermore, while the exhaustion requirement may be waived in certain limited circumstances, Plaintiff has not alleged he has met those conditions. In order for the court to waive the exhaustion requirement, the claim at issue must be collateral to a substantive claim of entitlement to benefits; the claimant must make a colorable showing that requiring him to exhaust his administrative remedies would cause him an irreparable injury which retroactive payment of benefits cannot remedy; and the claimant must show that exhaustion of administrative remedies would be unsuccessful. *Bowen*, 476 U.S. at 478.

Even under a broad, liberal reading of both the original and amended complaints, Plaintiff has not referred to any federal statute or alleged any facts which would allow a reasonable inference

---

[5] The Court notes the substantial documentary evidence attached to Defendants' motion to dismiss indicating that Plaintiff has not actually suffered a denial of benefits, thus suggesting a strong likelihood that Plaintiff has no standing to bring this claim in fact. However, these documents were not considered for the purposes of this motion to dismiss, because Defendants presented them to the Court for information purposes only, not as factual support for a Rule 12(b)(1) motion to dismiss for subject matter jurisdiction or a Rule 56 motion for summary judgment.

that the United States has waived its sovereign immunity. Therefore, this Court lacks jurisdiction, and Plaintiff's claims for Title II benefits are dismissed without prejudice.

Plaintiff's complaint is dismissed with prejudice to the extent it alleges due process violations and/or seeks damages for emotional distress or other hardships he has allegedly suffered. *See Schweiker v. Chilicky*, 487 U.S. 412, 425-29 (1988).

## *Federal Tort Claims Act*

Defendants also maintain Plaintiff's claims for intentional torts are barred by the Federal Tort Claims Act ("FTCA"), which governs liability for injury or loss of property caused by the negligence of government employees while acting within the scope of their employment.[6] *See* 28 U.S.C. § 1346(b)(1). A claim is actionable under section 1346(b) if it alleges that it is: "'(1) against the United States; (2) for money damages, . . . (3) for injury of loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)) (alteration in original).

The Court agrees that any FTCA claims would be barred, but for different reasons than those offered by Defendants. First, Plaintiff could not bring a claim under the FTCA against the SSA

---

[6] The Court notes that the FTCA is likely irrelevant to Plaintiff's claims. First, Plaintiff's complaints were brought under Title II, not the FTCA. Second, Plaintiff seeks damages related to his Social Security benefits, not for injuries caused by any independent torts. However, the Court will address the FTCA argument because Plaintiffs' complaints contain allegations which arguably may be considered separate tort claims.

7

because the FTCA only waives sovereign immunity for claims against the United States, not its agencies. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [28 U.S.C.] section 1346(b) . . ., and the remedies provided by this title in such cases shall be exclusive."); *see also Schlesner v. United States*, 246 F. Supp. 2d 1036, 1041 n.2 (E.D. Wis. 2003) ("To the extent the plaintiff attempts to assert a claim against the Social Security Administration under the FTCA, such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA."); *Newberg v. Fed. Sav. & Loan Ins. Corp.*, 317 F. Supp. 1104, 1106 (N.D. Ill. 1970) ("[I]t is clear that under [the FTCA], a federal agency cannot be sued directly."). *But see Whayne v. Soc. Sec. Admin.*, 959 F. Supp. 1378, 1379 (D. Kan. 1997) (dismissing FTCA claim against SSA for failure to exhaust administrative remedies, not mentioning a statutory bar to such claims); *Cleveland v. Sec'y of Health & Human Servs.*, No. 93 C 994, 1993 WL 321755, at *4 (N.D. Ill. Aug. 19, 1993) (dismissing FTCA claim against federal agency for failure to plead statutory prerequisites).

Second, the Social Security Act precludes Plaintiff from bringing an action for Title II benefits under the FTCA. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section . . . 1346 of Title 28 to recover on any claim arising under [Title II]."); *see also Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) (holding that the Social Security Act barred FTCA action brought to recover Social Security benefits).

Moreover, even assuming Plaintiff alleges FTCA claims that are not barred by the Social Security Act, and further assuming that those claims were brought against the proper defendant, this

Court agrees with Defendants that Plaintiff has not alleged waiver of sovereign immunity under the FTCA. First, sovereign immunity is not waived unless the claim is cognizable under the FTCA, *i.e.*, the six statutory elements discussed above have been properly pleaded. *See Meyer*, 510 U.S. at 477. Second, the FTCA provides that an action for money damages shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) ("A plaintiff's failure to exhaust administrative remedies before he brings suit [under the FTCA] mandates dismissal of the claim."); *Kanar v. United States*, 118 F.3d 527, 529 (7th Cir. 1997) ("[T]he Federal Tort Claims Act, as a waiver of sovereign immunity, receives a strict reading, and . . . conditions in the FTCA must be treated as limitations on the jurisdiction of the federal courts.").

Finally, Defendants argue that Plaintiff's intentional tort claims are barred because the FTCA's waiver of immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Although the specific torts alleged in the complaints are difficult to discern, they appear to be predominantly related to alleged acts of misrepresentation, so sovereign immunity is expressly not waived for those claims. Thus, to the extent that Plaintiffs' complaints allege intentional torts that are barred under section 2680(h), they are dismissed with prejudice. *See Fed. Deposit Ins. Corp. v. Citizans Bank & Trust Co.*, 592 F.2d 364, 371 (7th Cir. 1979) ("[T]he waiver of immunity from tort liability of a federal agency . . . is defined in the Federal Tort Claims Act, and that sue-and-be-sued authority does not permit suit outside [the FTCA] for torts excepted from the coverage of the Act.").

9

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [doc. no. 12-1] is granted. Plaintiff is given leave to file an amended complaint as to his claims for Title II benefits only, within 10 days of the date of this order, if he can plead facts showing waiver of sovereign immunity, *i.e.*, a denial of benefits and exhaustion of his administrative remedies. Any claims of intentional torts, due process violations, and emotional distress are dismissed with prejudice and may not be repleaded.

SO ORDERED          ENTER:     3/19/04

HON. RONALD A. GUZMAN
**United States Judge**